UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FIRST AMERICAN FINANCIAL CORPORATION
CUSTOMER DATA SECURITY BREACH LITIGATION                MDL No. 2907


ORDER DENYING TRANSFER


**Before the Panel:** Plaintiffs in the Central District of California *Barajas* action move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern Division of the Central District of California. This litigation consists of fourteen actions pending in the Central District of California and the Eastern District of Michigan, as listed on Schedule A. In addition, the parties have notified the Panel of seven potential tag-along actions, which were filed in the Central District of California (six actions) and the Western District of Washington (one action).

Plaintiffs in seven actions and two potential tag-along actions support the motion. Plaintiff in Central District of California *Sindaghatta* action does not oppose the motion. Responding plaintiffs in the Central District of California *McPherson* potential tag-along action support centralization in the Central District of California but do not specify a preferred division. Plaintiff in the Central District of California *Resendiz* action opposes centralization in favor of Section 1404 transfer but, if centralization occurs, suggests the Southern Division of the Central District of California. The First American defendants[1] oppose centralization and suggest, if transfer is ordered, centralization in the Western Division of the Central District of California is appropriate.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions share factual questions arising from an alleged data breach of First American, which was announced on May 24, 2019 and resulted in the exposure of approximately 885 million records related to mortgage deals dating back sixteen years. Many of the exposed files are records of wire transactions with bank account numbers and other personally identifiable information from property buyers and sellers. Plaintiffs allege that the First American defendants failed to protect the confidential information of millions of consumers nationwide – including their names, bank account numbers, bank account statements, mortgage records, tax records, Social Security numbers, wire transaction receipts, drivers' license images, and other personal financial information.

There are a relatively small number of actions in this controversy, and most are pending in a single district. We have held that "centralization under Section 1407 should be the last solution

---

[1] First American Financial Corp.; First American Title Insurance Co. and First American Title Co.

after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Here, there is a reasonable prospect that defendants' pending motion to transfer the Eastern District of Michigan action to the Central District of California could eliminate the multidistrict character of this litigation. Indeed, while this motion was pending, two courts presiding over an action and a potential tag-along granted similar motions to transfer under the first-to-file rule.[2] We think transferring these cases for all purposes, as opposed to the limited pretrial transfer under Section 1407, is preferable to centralization in these circumstances. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012) (discussing the advantages of Section 1404 transfer over centralization). Even if the pending transfer motion does not eliminate the multidistrict character of this litigation, voluntary cooperation and coordination among the small number of involved courts appears eminently feasible. We encourage the parties to employ the various alternatives to transfer that exist to minimize any potential for duplicative discovery and inconsistent pretrial rulings in this litigation. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

Additionally, the parties' primary dispute was which division of the Central District of California should be selected to preside over these cases. Plaintiffs contend that we should select a judge who sits in the Southern Division (Santa Ana), where First American's headquarters are located. The first-filed action was assigned to a judge who sits in the Western Division (Los Angeles) under the Central District of California's internal operating procedures. *See* General Order 19-03, § I.B.1.a.(2). Later cases were related to the initial case in the Western Division. Given our decision to deny transfer in light of viable alternatives to centralization, these arguments are moot. Regardless, we do not view the resolution of a disagreement about an intra-district case assignment as a proper use of Section 1407. *Cf. In re Holiday Magic Sec. & Antitrust Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) ("The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts.").

---

[2] *See Campbell v. First American Financial Corp., et al.*, N.D. California, Case No. 19-cv-03695, doc. 20 (Aug. 5, 2019) (granting motion to change venue under the first-to-file rule); *Sindaghatta v. First American Financial Corporation, et al.*, S.D. California, Case No. 19-1083, doc.9 (July 29, 2019) (same).

-3-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Lewis A. Kaplan           Ellen Segal Huvelle
R. David Proctor          Catherine D. Perry
Karen K. Caldwell         Nathaniel M. Gorton

**IN RE: FIRST AMERICAN FINANCIAL CORPORATION**
**CUSTOMER DATA SECURITY BREACH LITIGATION**             MDL No. 2907

**SCHEDULE A**

Central District of California

SINDAGHATTA v. FIRST AMERICAN FINANCIAL CORPORATION, ET AL.,
  C.A. No. 2:19-6576
GRITZ v. FIRST AMERICAN FINANCIAL CORPORATION, ET AL.,
  C.A. No. 8:19-1009
SHAKIB v. FIRST AMERICAN FINANCIAL CORPORATION, C.A. No. 8:19 01022
WILLIS v. FIRST AMERICAN FINANCIAL CORPORATION, ET AL.,
  C.A. No. 8:19-1023
BAHNMAIER v. FIRST AMERICAN FINANCIAL CORPORATION,
  C.A. No. 8:19-1040
TOPPINGS PATH HOLDING, LLC v. FIRST AMERICAN FINANCIAL CORPORATION,
  ET AL., C.A. No. 8:19-1051
BARAJAS, ET AL. v. FIRST AMERICAN FINANCIAL CORPORATION, ET AL.,
  C.A. No. 8:19-1078
MOHR v. FIRST AMERICAN FINANCIAL CORPORATION, ET AL.,
  C.A. No. 8:19-1102
DINH v. FIRST AMERICAN FINANCIAL CORPORATION, ET AL.,
  C.A. No. 8:19-1105
BRENT AND TERI JOHNSON, LLC v. FIRST AMERICAN FINANCIAL
  CORPORATION, ET AL., C.A. No. 8:19-1112
RESENDIZ v. FIRST AMERICAN FINANCIAL CORPORATION, ET AL.,
  C.A. No. 8:19-1137
WOODARD v. FIRST AMERICAN FINANCIAL CORPORATION, ET AL.,
  C.A. No. 8:19-1156
FORNEY, ET AL. v. FIRST AMERICAN FINANCIAL CORPORATION, ET AL.,
  C.A. No. 8:19-1180

Eastern District of Michigan

KUNTZ v. FIRST AMERICAN FINANCIAL CORPORATION, C.A. No. 2:19-11749